**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

IN RE:                                                                                         CASE NO:   **14-70198-M-13**
**Jose Salas, Jr.**
**Dalia L. Salas**

# Uniform Plan
# and
# Motion for Valuation of Collateral

*__THIRD AMENDED 10/20/2014__*

CHAPTER 13 PLAN

Date of Plan:          **10/20/2014**

(Date Must be Date that This Plan is Signed by Debtors)

The Debtor(s) propose the following plan pursuant to § 1321*.

In conjunction with the plan, the Debtor(s) move for the valuation of secured claims in the amount set forth in paragraph 8.
**The Debtor(s) propose to pay the holder of the Secured Claim only the amounts set forth in the Debtor(s)' Plan.  The Court will conduct a scheduling conference on this contested matter on the date set for the hearing on confirmation of the Debtor(s)' plan.  You must file a response in writing not less than 5 days (including weekends and holidays) before the hearing on confirmation of the plan or the valuation set forth in the plan may be adopted by the Court.  If no response is filed, the Debtor(s)' sworn declaration at the conclusion of this plan may be submitted as summary evidence at the hearing pursuant to Rule 7056 and 28 U.S.C. § 1746.  If no timely answer is filed, the Court may conduct a final hearing on the objection at the hearing on confirmation of the plan.**

**1. Payments.**  The Debtor(s) submit all or such portion of their future earnings and other future income to the supervision and control of the chapter 13 Trustee ("Trustee") as is necessary for the execution of the plan.  The amount, frequency, and duration of the payments, are as follows:

| Beginning Month** | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| __1 (Apr 2014)__ | __7 (Oct 2014)__ | $1,375.40 | $9,627.80 |
| __8 (Nov 2014)__ | __60 (Mar 2019)__ | $3,400.00 | $180,200.00 |
| | | Grand Total: | $189,827.80 |

The first monthly payment is due not later than 30 days after the date this case was filed.  If the payments to be made by the chapter 13 trustee pursuant to paragraph 4 are adjusted in accordance with the Home Mortgage Payment Procedures adopted pursuant to Bankruptcy Local Rule 3015(b) (whether on account of a change in any escrow requirement, a change in the applicable interest rate under an adjustable rate mortgage, or otherwise), the Debtor(s)' payments required by this paragraph 1 will be automatically increased or decreased by (i) the amount of the increase or decrease in the paragraph 4 payments; and (ii) the amount of the increase or decrease in the Posted Chapter 13 Trustee Fee that is caused by the change.  The Posted Chapter 13 Trustee Fee is the percentage fee posted on the Court's web site from time to time.  The chapter 13 trustee is authorized to submit an amended wage withholding order or to amend any automated bank draft procedure to satisfy the automatic increase or decrease.

A notice of any adjustment in the payment amount must be filed by the chapter 13 trustee.

Except as otherwise ordered by the Court, payments to the chapter 13 trustee will be made pursuant to a wage withholding order, an EFT Order or an ACH Order.  Local Rule 1007(d) determines the payment form that is required from time-to-time.

---

* All § references are to the Bankruptcy Code and Bankruptcy Rules unless otherwise cited.
** When subsequent tables refer to "Month #", Month #1 is the Beginning Month referenced above.

Case No:   14-70198-M-13
Debtor(s):   **Jose Salas, Jr.**
  **Dalia L. Salas**

**2. Priority Claims.**   From the payments made by the Debtor(s) to the Trustee, the Trustee shall pay in full, all claims entitled to priority under § 507.  Payments shall be made in the order of priority set forth in § 507(a) and § 507(b).  Payments of equal priority shall be made pro rata to holders of such claims.  Priority claims arising under § 503(b)(2) shall be paid only after entry of an order by the Bankruptcy Court approving payment of the claim.  If this case is dismissed, no priority claim arising under § 503(b)(2) shall be allowed unless an application for allowance is filed on or before 21 days after entry of the order of dismissal.

| Name of Holder of Priority Claim | Amount of Priority Claim | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Payment of this Amount in Month # | Last Payment of this Amount in Month # |
|---|---|---|---|---|---|
| **Internal Revenue Service** | **$23,987.75** | **0.00%** | Pro-Rata | 1 | 58 |
| **Malaise Law Firm** | **$2,906.00** | **0.00%** | Pro-Rata | 1 | 58 |
| **Texas Comptroller of Public Accounts** | **$30,065.78** | **0.00%** | Pro-Rata | 1 | 58 |

A priority claim of $100.00 is allowed to Debtor(s)' counsel if

(i) a proposed wage order was filed on the petition date for Debtor(s) earning a wage or salary; or,

(ii) if the Debtor(s) are retired, self-employed, or unemployed or if the proposed wage order is insufficient to provide the full monthly plan payment, a proposed Electronic Funds Transfer Certification or ACH Certification was filed on the petition date.  No application or further order is required.  The $100.00 allowance is in addition to any amounts otherwise awarded by the Court.

**3. Secured Claims for which Collateral is to be Surrendered upon Confirmation.**  The Debtor(s) surrender the following collateral:

| Name of Creditor | Description of Collateral |
|---|---|
| **Aaron's, Inc.** | **HP 17" LCD MONITOR, P4 HT 3.06GHZ 1GM RAM** |
| **PRA Receivables Management, LLC** | **2004 FORD F150 PU** |

Upon confirmation of this Plan, the Debtor(s) immediately surrender and abandon the property and agree to immediately turn over and/or vacate the property, and the lienholder(s) may take any action allowed under applicable law with respect to this property without further order of the Court.

**4. Secured Claim For Claim Secured Only by a Security Interest in Real Property that is the Debtor(s)' Principal Residence (Property to be Retained).  For each such claim, utilize either A, B, or C, below:**

☑ **A.**   The following table sets forth the treatment of certain classes of secured creditors holding a claim secured only by a security interest in real property that is the Debtor(s)' principal residence.  The amount listed as the "Principal Amount of Claim for Arrearage" is the amount proposed by the Debtor(s) in this Plan.  If the actual allowed claim is in a different amount, the amount paid pursuant to this Plan shall be the amount due on the actual amount of the allowed claim without the need of an amended plan.  The amount listed as "Amount of Estimated Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim without the need of an amended plan.

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim for Arrearage | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Payment of this Amount in Month # | Last Payment of this Amount in Month # |
|---|---|---|---|---|---|

Case No:   14-70198-M-13
Debtor(s):   **Jose Salas, Jr.**
  **Dalia L. Salas**

| **Nationstar Mortgage LLC** | <u>$28,487.62</u> | <u>5.25%</u> | <u>Pro-Rata</u> | <u>1</u> | <u>58</u> |

**HOMESTEAD**

Payment of the arrearage amounts shall constitute a cure of all defaults (existing as of the petition date) of the Debtor(s)' obligations to the holder of the secured claim.

The Secured Claims held by secured creditors holding a claim secured only by a security interest in real property that is the Debtor(s)' residence (other than the arrearage claims set forth in the above table) will be paid in accordance with the pre-petition contract held by the holder of the secured claim.  The first such payment is due on the first payment due date under the promissory note (after the date this bankruptcy case was filed).  During the term of the plan, these payments will be made through the chapter 13 trustee in accordance with the Home Mortgage Payment Procedures adopted pursuant to Bankruptcy Local Rule 3015(b).  Each holder of a claim that is paid pursuant to this paragraph must elect to either (i) apply the payments received by it to the next payment due without penalty under the terms of the holder's pre-petition note; or (ii) waive all late charges that accrue after the order for relief in this case.  Any holder that fails to file an affirmative election within 30 days of entry of the order confirming this plan has waived all late charges that accrue after the order for relief in this case.  Notwithstanding the foregoing, the holder may impose a late charge that accrues following an event of default of a payment due under paragraph 1 of this Plan.

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

The Debtor(s) must provide the information required by the chapter 13 trustee pursuant to the Home Mortgage Payment Procedures, prior to 7 days after the date this Plan is proposed.

☐  **B.**   The holder of the claim secured only by a security interest in real property that is the Debtor(s)' principal residence has agreed to refinance the security interest and claim on the terms set forth on the document attached as Exhibit "A".  The refinancing brings the loan current in all respects.  The terms of the loan that is being refinanced and the new loan are described below:

|  | **Old Loan** | **New Loan** |
|---|---|---|
| **Current amount owed on old loan and total amount borrowed on new loan** |  |  |
| **Interest rate is fixed or variable?** |  |  |
| **Interest rate (in %)** |  |  |
| **Monthly principal and interest payment** |  |  |
| **Closing costs paid by debtors** |  |  |
| **Monthly required escrow deposit** |  |  |

Payments made to the above referenced holder will be paid (check one, ONLY if Debtor(s) have checked option B, above):

☐  **Through the chapter 13 trustee.**

☐  **Directly to the holder of the claim, by the Debtor(s).**  If there has been a default in payments following the refinancing, future payments will be through the chapter 13 trustee.  If payments are to be made directly to the holder of the claim by the Debtor(s), then the holder of the claim may not impose any attorneys fees, inspection costs, appraisal costs or any other charges (other than principal, interest and escrow) if such charges arose (in whole or in part) during the period (i) when the case is open; (ii) after the closing of the refinanced loan; and (iii) prior to a modification of this plan (i.e., following a default by the Debtor(s) in payments to the holder of the claim) pursuant to which the Debtor(s) commence payments through the chapter 13 trustee to the holder of the claim secured solely by a security interest in the Debtor(s)' principal residence.

Case No:    14-70198-M-13
Debtor(s):  **Jose Salas, Jr.**
            **Dalia L. Salas**

☐ **C.** The following table sets forth the treatment of certain classes of secured creditors holding a claim secured only by a security interest in real property that is the Debtor(s)' principal residence. The Debtor(s) allege that the total amount of debt secured by liens that are senior in priority to the lien held by _____ exceeds the total value of the principal residence. Accordingly, the claim will receive (i) no distributions as a secured claim; and (ii) distributions as an unsecured claim only in accordance with applicable law.

Upon the Debtor(s)' completion of all payments set forth in this plan, the holder of the lien is required to execute and record a full and unequivocal release of its liens, encumbrances and security interests secured by the principal residence and to provide a copy of the release to the Debtor(s) and their counsel. Notwithstanding the foregoing, the holder of a lien that secures post-petition homeowners' association fees and assessments will be allowed to retain its lien, but only to secure (i) post-petition assessments; and (ii) other post-petition amounts, such as legal fees, if such other post-petition amounts are (x) incurred with respect to post-petition fees and assessments; and (y) approved by the Court, if incurred during the pendency of the bankruptcy case.

| | |
|---|---|
| Name of Holder of Lien to which this provision applies | |
| Address of Principal Residence | |
| Debtor(s)' Stated Value of Principal Residence | |

| Description of all Liens Senior in Priority (List Holder and Priority) | Estimated Amount Owed on This Lien | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Total Owed--All Senior Liens | | |

This paragraph 4C will only be effective if the debtor(s) do each of the following:

- Mail a "Lien Stripping Notice", in the form set forth on the Court's website, to the holder of the lien that is governed by this paragraph 4C. The Lien Stripping Notice must be mailed in a separate envelope from any other document.

- File a certificate of service reflecting that the Lien Stripping Notice was mailed by both certified mail, return receipt requested and by regular US mail to the holder of the lien at all of the following addresses, with the mailings occurring not later than 30 days prior to the hearing on this plan:

    ° The address for notices shown on any proof of claim filed by the holder.

    ° Any attorney representing the holder who has filed a request for notice in this bankruptcy case.

    ° If no address for notices is given on a proof of claim filed by the holder, on the last known address of the holder.

    ° If the holder did not file a proof of claim, service must be in accordance with Fed. R. Bankr. P. 7004.

Case No:   **14-70198-M-13**
Debtor(s):   **Jose Salas, Jr.**
             **Dalia L. Salas**

**5. Debt Incurred within 910 Days Preceding Petition Date and Secured by a Lien on a Motor Vehicle or Debt Incurred within 1 Year Preceding Petition Date and Secured by Other Collateral for Which FULL PAYMENT, with Interest, is Provided.**
The following table sets forth each class of secured creditors holding a claim for a debt incurred within 910 days preceding the petition date and secured by a lien on a motor vehicle or for a debt incurred within 1 year preceding the petition date and secured by other collateral for which full payment is proposed.  The amount listed as "Principal Amount of Claim" is an estimate of the actual allowed claim.

If the Court allows a claim in a different amount than is shown below under "Principal Amount of Claim", the Plan shall be deemed amended to pay the principal amount as allowed without the requirement of the filing of an amended plan.  The amount listed as "Estimated Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim.

Payment of the amounts required in this section constitutes a cure of all defaults (existing as of the date this plan is confirmed) of the Debtor(s)' obligations to the holder of the secured claim.  If the monthly payment in the proposed plan is less than the amount of the adequate protection payment ordered in this case, the actual payment will be the amount of the monthly adequate protection payment.

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

Each secured claimant is hereby designated to be in a class by itself.  Subject to disposition of a timely filed motion to avoid a lien under § 522, or a complaint to determine the extent or validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim.  The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan.  The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Payment of this Amount in Month # | Last Payment of this Amount in Month # |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**6. Debt Incurred within 910 Days Preceding Petition Date and Secured by a Lien on a Motor Vehicle or Debt Incurred within 1 Year Preceding Petition Date and Secured by Other Collateral for Which LESS THAN Full Payment, with Interest, is Provided.**
The following table sets forth each class of secured creditors holding a claim for a debt incurred within 910 days preceding the petition date and secured by a lien on a motor vehicle or for a debt incurred within 1 year preceding the petition date and secured by other collateral for which less than full payment is proposed.  The amount listed as "Principal Amount of Claim" is an estimate of the actual allowed claim.  The amount that will be paid under the plan is the amount, with interest, that pays the lesser of (i) the amount listed in the holder's proof of claim; or (ii) the amount listed as "Amount of Claim to be Paid Under Plan" (the Amount of Claim to be Paid Under Plan will NOT be adjusted to reflect the actual Allowed Amount of the Claim).

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

Each secured claimant is hereby designated to be in a class by itself.  Subject to disposition of a timely filed motion to avoid a lien under § 522, or a complaint to determine the extent or validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim.  The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan.  The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim | Amount of Claim to be Paid under Plan | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Pmt. of this Amt. in Month # | Last Pmt. of this Amt. in Month # |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

Case No:   **14-70198-M-13**
Debtor(s):   **Jose Salas, Jr.**
  **Dalia L. Salas**

**7. Secured Debts Paid in Accordance with Pre-Petition Contract (Use Only for Contracts on Which There is No Default).**
The Debtor(s) represent that there are no payment defaults on the contracts listed in this paragraph. The secured claims held by the following secured creditors will be paid in accordance with the pre-petition contracts between the Debtor(s) and the holder of the secured claim:

| Name of Holder / Collateral for Claim | Total Claim | Collateral Value | Contract Interest Rate |
|---|---|---|---|
| **Conn Appliances, Inc.**<br>**SECTIONAL SOFA, RECLINER, LOVE SEAT (ACCOUNT UNDER** | $3,242.69 | $3,242.69 | 0.00% |
| **Navy Army Community CU**<br>**2012 CHEVROLET TAHOE** | $35,369.05 | $35,369.05 | 5.25% |
| **Santa Cruz ID #15**<br>**Homestead - 2015 Irrigaton Taxes** | $6.33 | $6.33 | 0.00% |
| **Security Service-ins**<br>**2012 CHEVROLET SILVERADO** | $28,627.00 | $27,837.50 | 5.25% |
| **Texan Credit**<br>**1998 FORD F250** | $806.00 | $950.00 | 0.00% |

**8. All Other Secured Claims (Property to be Retained).** Each secured claimant is hereby designated to be in a class by itself. Subject to disposition of a timely filed motion to avoid a lien under § 522, or a complaint to determine the extent or validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim. The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan. The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

The following table sets forth the treatment of each class of secured creditors whose claims are modified by the Plan. The amount of secured claim to be paid under this plan is the lesser of the amount listed below as the "Collateral Value" and the allowed amount of the holder's claim. If the Court allows a different amount than is shown below, the Plan shall be deemed amended without the requirement of the filing of an amended plan. The amount listed as "Estimated Amount Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim.

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim (without regard to Value of Collateral) | Collateral Value | Int. Rate per Plan | Est. Amount Periodic Pmt. | First Pmt. of this Amt. in Month # | Last Pmt. of this Amt. in Month # |
|---|---|---|---|---|---|---|
| **Lfd Furniture**<br>**DINING ROOM SET** | $989.00 | $880.00<br>**Pay Value** | 5.25% | Pro-Rata | 1 | 58 |
| **Nationstar Mortgage LLC**<br>**Homestead** | $650.00 | $650.00<br>**Pay Claim** | 5.25% | Pro-Rata | 1 | 58 |
| **Nationstar Mortgage LLC**<br>**Homestead** | $4,339.84 | $4,339.84<br>**Pay Claim** | 5.25% | Pro-Rata | 1 | 58 |
| **Navy Army Community CU**<br>**2012 Chevy Tahoe** | $2,610.00 | $2,610.00<br>**Pay Claim** | 0.00% | Pro-Rata | 1 | 58 |
| **Santa Cruz ID #15**<br>**Homestead - 2009-2014 Irrigaton Taxes** | $58.10 | $58.10<br>**Pay Claim** | 12.00% | Pro-Rata | 1 | 58 |
| **Security Service-ins**<br>**2012 Chevy Silverado** | $2,087.82 | $2,087.82<br>**Pay Claim** | 0.00% | Pro-Rata | 1 | 58 |

Case No:   14-70198-M-13
Debtor(s):   **Jose Salas, Jr.**
              **Dalia L. Salas**

---

Payment of the amounts required in this section constitutes a cure of all defaults (existing as of the date this plan is confirmed) of the Debtor(s)' obligations to the holder of the secured claim.  If the monthly payment in the proposed plan is less than the amount of the adequate protection payment ordered in this case, the actual payment will be the amount of the monthly adequate protection payment.

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

**9. Specially Classified Unsecured Claims.** The following unsecured claims will be treated as described below:

| Name of Unsecured Creditor | Treatment |
|---|---|
|  |  |

**10. Unsecured Claims.**  Unsecured creditors not entitled to priority and not specially classified in Paragraph 9 above shall comprise a single class of creditors.  Allowed claims under this paragraph shall be paid a pro rata share of the amount remaining after payment of all secured, priority, and specially classified unsecured claims.  The Debtor(s) estimate that these unsecured creditors will receive a _____**20%**_____ dividend.

**11. Executory Contracts.** Except as set forth elsewhere in this Plan or in the following sentence, all executory contracts are rejected. The following contracts are assumed:

**12. Asset Sales.**   The Debtor(s) are authorized--without the need for further Court order--to sell their exempt property in accordance with the following sentence.  Any such sale shall provide for the full payment, at closing, of all liens on the property that is sold.  If the Debtor(s) request and the Court so determines, an order confirming this authority may be granted by the Court, ex parte.

**13. Surrender of Collateral during the Plan Period.**   The Debtor(s) may surrender collateral to a secured creditor after confirmation of the Plan by filing a motion pursuant to Fed. R. Bankr. P. 4001 for an agreed order providing for surrender of collateral and termination of the automatic stay.  The motion will be submitted on 14 days notice.  Upon the entry of an order approving the surrender, the Debtor(s) will immediately turn over and/or vacate the property, and the lienholder(s) may take any action allowed under applicable law with respect to this property without further order of the Court.

**14. Discharge and Vesting of Property.** The Debtor(s) will be granted a discharge in accordance with § 1328.  Property of the estate shall vest in the debtors upon entry of the discharge order.

**15. Plan Not Altered from Official Form.**   By filing this plan, Debtor(s) and their counsel represent that the plan is in the official  form authorized by the Court.  There are no addenda or other changes made to the official form.

**16.  Additional Provisions.**   [If an additional provision is requested, the Debtor(s) must simultaneously file a motion seeking approval for the inclusion of the additional provision].
None.

Case No:   14-70198-M-13
Debtor(s):   **Jose Salas, Jr.**
             **Dalia L. Salas**

**Debtor's Declaration Pursuant to 28 U.S.C. § 1746**

I declare under penalty of perjury that the foregoing statements of value contained in this document are true and correct.

Dated:   **10/20/2014**

**/s/ Jose Salas, Jr.**
**Jose Salas, Jr.**

**/s/ Dalia L. Salas**
**Dalia L. Salas**

**/s/ EDUARDO V. RODRIGUEZ**
**EDUARDO V. RODRIGUEZ**
**Malaise Law Firm**
**1265 N. Expressway 83**
**Brownsville, TX 78520**
**Attorney for Debtor(s)**

Case No:   14-70198-M-13
Debtor(s):   **Jose Salas, Jr.**
             **Dalia L. Salas**

*THIRD AMENDED 10/20/2014*

## Plan Summary and Statistical Cover Sheet to Proposed Plan

Date: _____10/20/2014_____

(Date Should be Date that this Proposed Plan is Signed by Debtor)

### Disposable Income and Plan Payments

| Projected Schedule "I" Income (as shown on most recently filed Schedule I) | Projected Schedule "J" Expenses (as shown on most recently filed Schedule J) | Projected Disposable Income | Beginning Month #* | Ending Month # | Payment Amount | Total Payment |
|---|---|---|---|---|---|---|
| $8,654.68 | $5,250.34 | $3,404.34 | 1 (Apr 14) | 7 (Oct 14) | $1,375.40 | $9,627.80 |
| | | | 8 (Nov 14) | 60 (Mar 19) | $3,400.00 | $180,200.00 |
| | | | | | Grand Total | $189,827.80 |
| | | | | | Less Posted Chapter 13 Trustee Fee** | $18,982.78 |
| | | | | | Net Available | $170,845.02 |

### Projected Trustee Disbursements to Priority and Secured Creditors

| Name of Holder / Description of Collateral (or "None" if appropriate) | Type of Claim (List Priority Claims, Followed by Claims Secured by Principal Residence, Followed by Other Secured Claims) | Int. Rate | Beg. Month # | End Month # | Payment Amount | Total Payment |
|---|---|---|---|---|---|---|
| **Internal Revenue Service** None | Priority | 0.00% | 1 | 58 | Pro-Rata | $23,987.75 |
| **Malaise Law Firm** None | Priority | 0.00% | 1 | 58 | Pro-Rata | $2,906.00 |
| **Texas Comptroller of Public Accounts** None | Priority | 0.00% | 1 | 58 | Pro-Rata | $30,065.78 |
| **Nationstar Mortgage LLC** HOMESTEAD | Principal Res. | 0.00% | 1 | 60 | $1,084.96 | $65,097.60 |
| **Nationstar Mortgage LLC** HOMESTEAD | Principal Res. (Arrearage) | 5.25% | 1 | 58 | Pro-Rata | $32,857.53 |
| **Lfd Furniture** DINING ROOM SET | Secured | 5.25% | 1 | 58 | Pro-Rata | $1,014.97 |
| **Nationstar Mortgage LLC** Homestead | Secured | 5.25% | 1 | 58 | Pro-Rata | $749.70 |
| **Nationstar Mortgage LLC** Homestead | Secured | 5.25% | 1 | 58 | Pro-Rata | $5,005.59 |
| **Navy Army Community CU** 2012 Chevy Tahoe | Secured | 0.00% | 1 | 58 | Pro-Rata | $2,610.00 |

---

* If filed in connection with a modification, the first month listed must be the first month in which the debtor was required to make a payment after filing the bankruptcy petition. All previous payments and proposed payments must be included.

** The Posted Chapter 13 Trustee Fee is based on the percentage listed on the Court's website.

Case No:   14-70198-M-13
Debtor(s):   **Jose Salas, Jr.**
             **Dalia L. Salas**

| | | | | | | |
|---|---|---|---|---|---|---|
| **Santa Cruz ID #15** <br> **Homestead - 2009-2014 Irrigaton Taxes** | Secured (Arrearage) | 12.00% | 1 | 58 | Pro-Rata | $80.95 |
| **Security Service-ins** <br> **2012 Chevy Silverado** | Secured | 0.00% | 1 | 58 | Pro-Rata | $2,087.82 |
| | | | | | Grand Total | $166,463.69 |

| SUMMARY OF PAYMENTS | | | BEST INTEREST TEST | |
|---|---|---|---|---|
| Net Available to Creditors | $170,845.02 | | Value of total non-exempt property | $0.00 |
| Less Estimated Attorneys' fees | $2,906.00 | | | |
| Less Total to Priority Creditors | $54,053.53 | | Total distributions to all priority and general unsecured creditors | $61,340.86 |
| Less Total to Secured Creditors | $109,504.16 | | | |
| Net Available for Unsecured Creditors | $4,381.33 | | | |
| Estimated General Unsecured Claims | $21,822.22 | | | |
| Forecast % Dividend on General Unsecured Claims | 20% | | | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 14-70198-M-13 |
| | § | |
| Jose Salas, Jr. and Dalia L. Salas | § | |
|     DEBTOR(S) | § | CHAPTER 13 |

CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing THIRD AMENDED CHAPTER 13 PLAN was served on the date that it was filed electronically.  Service was accomplished by regular mail, unless otherwise requested by electronic mailing, to the following:

Trustee:
Cindy Boudloche, Chapter 13 Trustee
555 N. Carancahua, Suite 600
Corpus Christi, TX 78478

U.S. Trustee
606 N. Carancahua, Suite 1107
Corpus Christi, Texas  78401

Debtor(s):
Jose Salas, Jr. and Dalia L. Salas
3422 Barbara Lane
Edinburg, TX  78542

and to all creditors shown on attached matrix.

MALAISE LAW FIRM
1265 North Expressway 83
Brownsville, Texas  78521-2284
(956) 547-9638
(956) 547-9630 – facsimile

/s/ Eduardo V. Rodriguez
Eduardo V. Rodriguez
FED ID NO. 19945; TBN. 00795621

Case 14-70198 Document 48 Filed in TXSB on 10/21/14 Page 12 of 13

Debtor(s): Jose Salas, Jr.
Dalia L. Salas

Case No: 14-70198-M-13
Chapter: 13

SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

Aaron's Rent, Inc.
2800 Canton Road, Suite 900
Marietta, GA  30066

Guzman Pediatrics
c/o Creditor Service Bureau
855 W. Price Rd., Ste. 2
Brownsville, TX  78520

Navy Army Community CU
P.O. Box 81349
Corpus Christi, TX 78468-1349

Aaron's, Inc.
2800 Canton Road, Suite 900
Marietta, GA  30066

HSBC Retail Services/Best Buy
P.O. Box 5253
Carol Stream, IL  60197-5253

Perdue, Brandon, Fielder,
Collins & Mott, L.L.P.
c/o John T. Banks
3301 Northland Drive, Suite 505
Austin, TX 78731

American InfoSource LP as agent
T Mobile/T Mobile USA Inc
P.O. Box 248848
Oklahoma City, OK  73124-8848

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346

PRA Receivables Management, LLC
10 Orchard, Suite 100
Lake Forest, CA  92630

Applied Card Bank
Attn: General Inquiries
P.O. Box 17125
Wilmington, DE  19850

Internal Revenue Service
Special Procedures
300 East 8th St., STOP 5026AUS
Austin, TX  78701

Premier Bankcard
P.O. Box 2208
Vacaville, CA  95696

Attorney General of Texas
c/o Asst Atty General Kimberly .
P.O. Box 12548
Austin, TX 78711-2548

Jefferson Capital Systems, LLC
P.O. Box 7999
St. Cloud, MN  56302-9617

Rio Grande Regional Hospital
c/o West Asset Management
2703 North Highway 75
Sherman, TX  75090

Capital One
P.O. Box 30281
Salt Lake City, UT  84130-0281

Lfd Furniture
3025 Boca Chica Blvd
Brownsville, TX 78521

Santa Cruz ID #15
c/o Diane W. Sanders
Linebarger Goggan Blair & Samps
P.O. Box 17428
Austin, TX 78760-7428

Conn Appliances, Inc.
CAI, LP d/b/a Conn's
P.O. Box 2358
Beaumont, TX  77704-2358

Linebarger Goggan Blair & Samps
c/o Diane W. Sanders
P.O. Box 17428
Austin, TX 78760-7428

Security Service-ins
PO Box 691510
San Antonio, TX 78269

Credit One Bank
PO Box 98873
Las Vegas, NV 89193

Malaise Law Firm
1265 N. Expressway 83
Brownsville, TX 78520

Shapiro Schwartz, LLP
5450 NW Central Dr., Ste. 307
Houston, TX  77092

First National Bank
Attn: Lynn Barlow
P.O. Box 660
Edinburg, TX  78540

Midland Credit Management, Inc.
8875 Aero Drive, Suite 200
San Diego, CA  92123

Texan Credit
609 E. Unirversity
Edinburg, TX 78539

First Premier Bank
P.O. Box 2208
Vacaville, CA  95696

Nationstar Mortgage LLC
Attn: Bankruptcy
350 Highland Dr
Lewisville, TX 75067

Texas Comptroller of Public Acc
Office of the Attorney General
Bankruptcy - Collections Divisi
P.O. Box 12548
Austin, TX  78711-2548

Debtor(s): Jose Salas, Jr.
Dalia L. Salas

Case 14-70198   Document 48   Filed in TXSB on 10/21/14   Page 13 of 13

Case No: 14-70198-M-13
Chapter: 13

SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

```
The Monitor
c/o CollectRite
650 E. Montana, Ste. 1
Las Cruces, NM  88001-4294


Time Warner
c/o Credit Protection Associati
13355 Noel Road, Suite 2100
Dallas, TX  75240


United Auto Credit Corp.
c/o Weinstein & Riley, P.S.
2001 Western Ave., Ste. 400
Seattle, WA  98121


VM
c/o Account Recovery
P.O. Box 2899
Wilmington, DE  19805
Bad Address

Washington Mutual-Providian
4940 Johnson Dr.
Pleasanton, CA  94588
Bad Address


Weinstein, Pinson & Riley
Bankruptcy Services
2001 Western Avenu, Suite 400
Seattle, WA 98121


Western Shamrock Corp.
801 S. Abe, Ste. 2A
San Angelo, TX  76903
```